IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02130-ZLW

JERRY LEWIS DEDRICK,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE AGENCY, et al.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

This matter before the Court is the *pro se* Motion for Reinstatement filed with the Court on November 4, 2009, by Plaintiff Jerry Lewis Dedrick, a federal prisoner who currently is incarcerated in the State of Colorado. Mr. Dedrick seeks reconsideration of the Order of Dismissal and the Judgment entered on October 22, 2009, dismissing his Complaint and action. The Court must construe the Motion liberally because Mr. Dedrick is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court dismissed the Complaint and action without prejudice because Mr. Dedrick failed to cure all deficiencies noted in Magistrate Judge Boyd N. Boland's September 8, 2009, Order to Cure Deficiencies. Although Mr. Dedrick filed his claims on a proper Court-approved form used in filing prisoners complaints and submitted a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, he failed to submit to the Court a certified copy of his trust fund account statement within the time allowed.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). The October 22, 2009, Order of Dismissal and the Judgment dismissed the Complaint and action without prejudice. The instant Motion was filed on November 4, 2009, which is within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

The Court further notes that although Mr. Dedrick filed a Notice of Appeal on October 28, 2009, the filing of a Rule 59(e) motion suspends the notice of appeal until the Rule 59(e) motion is disposed of, regardless of whether the motion is filed before or

after the notice of appeal. *See Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239, 1245 (10th Cir. 2007) (citations omitted); Fed. R. App. P. 4(a)(4) advisory committee's notes, 1993 Amendment.

A motion to alter or amend that reiterates issues originally raised in an application and that seeks to challenge the legal correctness of a court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Dedrick fails to demonstrate some reason why the Court should alter or amend the October 22, 2009, Order of Dismissal and the Judgment in this action.

Mr. Dedrick failed to submit a certified copy of his account statement within the time allowed. He did not ask the Court for an extension of time if he required more time to obtain a certified copy. Although in the Motion to Reconsider Mr. Dedrick states that prison officials gave him the "run-around" about receiving a certified copy of his trust fund account statement for the six months prior to the filing of this action (Doc. No. 13 at 1), the account statement he provided originally was found by the Court to be deficient because it was not certified not because it failed to provide the deposits and balances for the six-month period prior to the filing of the instant action. The second statement Mr. Dedrick filed with the Court on September 24, 2009, also included the deposits and balances for the six-month period prior to Mr. Dedrick filing the instant action but was not certified.

Even if Mr. Dedrick misunderstood and believed he was required to file an account statement that included all transactions for the past six months, he also was informed by Magistrate Judge Boland in the September 8, 2009, Order to Cure Deficiencies that the statement needed to be certified. (Doc. No. 2 at 2.) Furthermore, the Motion and Affidavit submitted by Mr. Dedrick on both August 31, 2009, and September 24, 2009, on Page Two of the forms, instructs Mr. Dedrick that the account statement must be certified by an appropriate official of the penal institution where the prisoner is confined. Mr. Dedrick does not assert an inability to have his account statement certified by a prison official. Mr. Dedrick simply indicates on Page Two of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which he filed on September 24, 2009, that because he was transferred to the federal prison in Colorado on July 31, 2009, the account statement was the only one he could obtain at this time. (Doc. No. 4 at 2.) He does not address why the account statement is not certified. The Court further notes that within six days after the Court dismissed the instant action Mr. Dedrick was able to obtain a properly certified account statement.

The Motion, therefore, will be denied. Mr. Dedrick is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that Mr. Dedrick's November 4, 2009, Motion for Reinstatement (Doc. No. 13) is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02130-BNB

James Lewis Dedrick
Reg No. 27140-180
US Penitentiary
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/09

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                       Deputy Clerk